

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0231-15

---

### OSVALDO MIGUEL PEREZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

---

*Per curiam.*

### O P I N I O N

Appellant was convicted of unlawful possession of cocaine with intent to deliver, unlawful possession of a firearm, and unlawful possession of body armor by a felon. He appealed the trial court's denial of his motion to suppress.

The search warrant issued for appellant's residence was based upon an affidavit that contained a false statement. In his motion to suppress, appellant argued that without the false statement, there was insufficient probable cause to support the warrant. The

State admitted to the false statement, but argued that even without it, there was sufficient probable cause based upon the other information described in the affidavit: a confidential informant's tip and a dog sniff and alert which took place on the front porch. The trial court denied the suppression motion.

The court of appeals upheld the trial court's ruling, and stated that "[b]ecause the trained drug dog's positive reaction to drugs in the residence provided sufficient probable cause to issue a search warrant without the officer's false statement, we find no reversible error in the judge's failure to grant the motion." *Perez v. State*, No. 08-13-00024-CR, slip op. at 2-3 (Tex. App.–El Paso Dec. 19, 2014). Appellant filed a motion for rehearing, arguing for the first time that the dog sniff was illegal and therefore could not be used to help establish probable cause, citing *McClintock v. State*, 444 S.W.3d 15 (Tex. Crim. App. 2014)(remanding to court of appeals to decide whether good faith reliance on case law existing prior to *Florida v. Jardines*, 133 S. Ct. 1409 (2013), would bar application of exclusionary rule). The court of appeals denied the motion.

Appellant has filed a petition for discretionary review of this decision pointing to *Jardines*, in which the Supreme Court held that the government's warrantless use of drug-sniffing dogs on the front porch of a home constituted an illegal search in violation of the Fourth Amendment. Appellant argues that the court of appeals erred in failing to at least address *Jardines*.

Appellant's notice of appeal was filed the month before *Jardines* was issued, and

his brief was filed after that decision. The State's brief argued that Appellant waived any reliance on *Jardines*.  The court of appeals' opinion was delivered nearly 21 months later and it failed to mention *Jardines*. Given that *Jardines* was decided well in advance of the court of appeals' opinion and that *Jardines* was pointed to by the State in its reply to the petition and by appellant on rehearing (indirectly through his citation to *McClintock*), the court of appeals may have taken *Jardines* into consideration prior to denying appellant's rehearing motion. Nonetheless, we hesitate to address *Jardines* in the absence of a court of appeals' decision expressly addressing its application. Accordingly, we summarily grant appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals to consider the application, if any, of *Jardines*, in the first instance.

Delivered: July 1, 2015
Do Not Publish