

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0119-16

---

### JOHN CHRISTOPHER IVY, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HAYS COUNTY

---

*Per curiam*. Keller, P.J., dissents.

### O P I N I O N

Appellant and the complainant were in a dating relationship when the two became involved in a physical altercation over the complainant's cell phone. *Ivy v. State*, No. 07-15-00023-CR (Tex. App.–Amarillo Jan. 5, 2016)(memorandum opinion not designated for publication). The complainant testified that appellant snatched the phone out of her hands because he believed she was "snapchatting" or sending nude photos of herself to

other men. Appellant left the room with the phone and the complainant followed. The complainant caught up with appellant, pushed him, and slapped him one or two times to try and get her phone back. Appellant pushed the complainant to the ground, stepping on her ribs and stomach. It's not clear what became of the physical altercation at that point, but a few minutes later appellant again put the complainant on the ground and struck her twice in the face. The complainant was able to extricate herself and leave the premises. The deputy who responded to the complainant's emergency call testified that she spoke with appellant on the phone and although he declined to meet with her, he stated that the complainant had hit him in the face and lip. A friend of appellant's testified that he saw appellant an hour or so after the incident and that appellant appeared shaken, angry and upset, and also that he had observed a knot on the back of appellant's head and scratches on his arms and face. Appellant requested a charge on self-defense. TEX. PENAL CODE § 9.31. The trial court denied the request.

Appellant claimed on appeal that the trial court erred by denying the requested self-defense charge. The State offered a number of reasons why appellant was not entitled to the charge, but its primary argument was that appellant was not entitled to the charge because he had provoked the difficulty. The bulk of the court of appeals' analysis is devoted to responding to the State's arguments. *Ivy*, slip op. at 8-10. After refuting each of the State's arguments, the court of appeals held that while there were a number of potential limitations on appellant's right to self-defense, those were questions for the jury.

As a result, the court concluded, the trial court erred in refusing to give the self-defense charge. *Id.* at 10. The court then analyzed harm and concluded that the charge error was reversible. *Id.* at 11-12.

The State has filed a petition for discretionary review in which it argues for the first time that the issue of self-defense was not raised because there was no evidence that appellant reasonably believed force was immediately necessary to protect himself from the complainant. *See* TEX. PENAL CODE § 9.31(a) (providing in part that " a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force"); *see also Smith v. State*, 676 S.W.3d 584, 585 (Tex. Crim. App. 1984)(recognizing that "in order to justify the submission of a charge to the jury on the issue of self-defense, there must be some evidence in the record to show that the defendant was in some apprehension or fear of being the recipient of the unlawful use of force from the complainant"). Although the State did not make this specific argument before the trial court, as the prevailing party on the ruling at trial, the State may advance on appeal and on discretionary review any reason to uphold the trial court's ruling. *See McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014)(as prevailing party at trial, State need not raise particular argument in favor of trial court's ruling in reply brief on appeal as predicate to later raising it in discretionary review). The State's argument presents a theory of law which could potentially support upholding the trial court's ruling.

*See Armendariz v. State*, 123 S.W.3d 401, 404-06 (Tex. Crim. App. 2003)(where trial court's ruling denying motion to suppress was supported by record and correct under a theory of law applicable to the case, court of appeals was obligated to uphold it), *cert. denied*, 541 U.S. 974 (2004); *see also State v. Mercado*, 972 S.W.2d 75, 77 (Tex. Crim. App. 1998)(noting this Court's approval of appellate courts considering alternative theories of law which *support* trial court's decision).

We grant the State's petition for discretionary review, vacate the judgment of the court of appeals, and remand this case to that court to address the State's argument.

Delivered April 27, 2016
Do not publish