

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0171-16

**CLIFFORD WAYNE GREEN, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
MCLENNAN COUNTY**

**RICHARDSON, J., filed a concurring opinion in which KELLER, P.J., joined.**

### CONCURRING OPINION

I agree with the majority's decision to reverse and remand this case so that the Tenth

Court of Appeals can address Appellant's complaint that he was denied conflict-free

representation under *Cuyler v. Sullivan*.[1]  In *Cuyler*, the Supreme Court held that a defendant

---

[1] 446 U.S. 335, 348-50 (1980).  If the court of appeals incorrectly decided the case on the point of error it chose to address, it is proper for us to remand the case to the court of appeals to consider other grounds that were presented but not addressed. *See McClintock v. State*, 444 S.W.3d 15, 20-21 (Tex. Crim. App. 2014) (holding that it is typically the Court's practice to remand for resolution of issues not yet addressed in the lower appellate courts).

must show that his attorney performed deficiently by demonstrating that his attorney actively represented conflicting interests. In other words, a defendant must show that his attorney had an actual conflict of interest and that this conflict adversely affected the attorney's performance.[2] A defendant must point to specific instances in the record to suggest an actual conflict or impairment of their interests and demonstrate that the attorney made a choice between possible alternative courses of action.[3]

Appellant asserts that his right to conflict-free counsel extends to experts retained by the defense. He equates conflict-free counsel with conflict-free representation, which, he says, includes the entire "defense team." Appellant is arguing for the rule in *Cuyler* to extend to more than just defense counsel—i.e., Dr. Carter had an actual conflict of interest (he was paid by the defense to evaluate Appellant and paid by the State to testify as an expert);[4] Dr. Carter testified adversely to Appellant; Dr. Carter was a member of the defense team; Appellant's lawyer *allowed* Dr. Carter to testify; therefore he was deprived of conflict-free representation. Appellant attempts to prevail under *Cuyler* by meshing his attorney and Dr. Carter into one seamless defense entity. It is the allowing of Dr. Carter to testify that does not quite fit into the *Cuyler* framework. Nevertheless, *that* is the complaint that was not

---

[2] *Cuyler*, 446 U.S. at 350.

[3] *Id.* at 348.

[4] Appellant is not asserting that Dr. Carter breached any duties under the physician-patient privilege or divulged to the State any confidential information obtained from Appellant.

addressed by the court of appeals, and I agree that it should be.

Although the court of appeals correctly observed that "Appellant's argument focuses primarily on his right to conflict-free representation as set out in *Cuyler*," it chose instead to reverse Appellant's conviction based on a claim of ineffective assistance of counsel under *Strickland v. Washington*.[5]  The court of appeals decided that Appellant's counsel was ineffective because he failed to object to Dr. Carter's testimony until Dr. Carter had testified for thirty minutes.  While I believe that it was appropriate for the court of appeals to address what it identified as the heart of Appellant's claim for relief,[6] I disagree with its *Strickland* analysis.  Defense counsel made a strategic move in not objecting to Dr. Carter testifying for the State, but it was not such a bad strategic move as to be deficient *per se*.[7]

---

[5] 466 U.S. 668 (1984).

[6] *See* TEX. R. APP. P. 38.1(f) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *see also Burks v. State*, No. PD-0992-15, 2016 WL 6519139 (Tex. Crim. App. November 2, 2016) (rehearing granted February 1, 2017).

[7] *See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (holding that, when no reasonable trial strategy could justify the defense counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law).  After the State notified Appellant's defense counsel that Dr. Carter was going to be called as an expert witness, trial counsel's strategy was evidently to lay low and not call anyone's attention to the fact that Dr. Carter had been hired by the defense to evaluate Appellant.  As noted above, defense counsel said "[he] didn't say a word because [he] wasn't . . . sure what purpose they were calling him to at that time."  That may not have been a good trial strategy, but I would not consider it "so outrageous that no competent attorney would have engaged in it."  *Id.*  A defense counsel's decisions regarding trial strategy, even if they fail, do not constitute ineffective assistance of counsel unless they fall below an objective standard of reasonableness. *Medina v. State*, No. AP-76036, 2011 WL 378785 *18 (Tex. Crim. App. 2011).  Even if a strategic decision does not produce good results, that is a risk that a defense counsel faces.  In this case, counsel's decision to wait to object could have been a plausible trial strategy.  Dr. Carter may have given testimony that defense counsel could have spun into a favorable opinion.  Plus, it is

The core of Appellant's complaint is that Dr. Carter was permitted to testify in the first place and that Dr. Carter's testimony was damaging to the defense. Appellant argued that he should get relief under *Cuyler*. The court of appeals held that he should get relief under *Strickland*.

I agree that we should reverse the decision of the court of appeals on Appellant's ineffective-assistance-of-counsel claim under its *Strickland* analysis. I also agree that we should remand the case to the court of appeals to address Appellant's ineffective-assistance-of-counsel claim under a *Cuyler* analysis.

With these comments, I join the majority opinion.

FILED: March 22, 2017

DO NOT PUBLISH

---

unknown whether a different expert witness might have given testimony that could have been even more damaging than Dr. Carter's.