

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1269-16

### CHRISTOPHER JAMES HOLDER, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

**YEARY, J., filed a concurring and dissenting opinion.**

### CONCURRING AND DISSENTING OPINION

We did not originally grant review of Appellant's fourth ground for review, predicated

on Article I, Section 9, of the Texas Constitution, and Appellant did not raise a Fourth

Amendment claim on direct appeal.[1] *Holder v. State*, No. 05-15-00818-CR, 2016 WL

4421362 (Tex. App.—Dallas Aug. 19, 2016) (not designated for publication); TEX. CONST.

---

[1] We originally granted only Appellant's third ground for review, in which he asserted that the court of appeals erred in holding that the State's petition to obtain his cell phone records set forth "sufficient and articulable facts" as required by 18 U.S.C. § 2703(d). That issue is still pending in this Court.

art. I, § 9; U. S. CONST. amend. IV. After the petition was granted and pending resolution in this Court, Appellant filed a motion requesting that we remand the cause to the court of appeals for further consideration of his Article I, Section 9, claim in light of the United States Supreme Court's intervening decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018). Although *Carpenter* resolved only a Fourth Amendment issue, Appellant noted that this Court, in *Hankston v. State*, 517 S.W.3d 112 (Tex. Crim. App. 2017), had tethered its construction of Article I, Section 9, to the Supreme Court's interpretation of the Fourth Amendment.

Today the Court retrospectively grants Appellant's Article I, Section 9, claim. I agree that we may retrospectively grant review of Appellant's Article I, Section 9, claim, under Rules 66.1 and 67.1 of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 66.1 & 67.1 (authorizing this Court to grant discretionary review on its own initiative at any time before the court of appeals' mandate issues). Having done so, however, I would then summarily remand the cause to the court of appeals for reconsideration of Appellant's claim, in its entirety, in light of *Carpenter*—just as Appellant has requested. This would allow for "a carefully wrought decision from the court of appeals" for this Court's consideration in any subsequent petition for discretionary review we may grant in the case. *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014). It should also allay any concern that might otherwise arise regarding the disposition of novel constitutional claims without affording the

parties an opportunity for full briefing. *Pena v. State*, 191 S.W.3d 133, 138 (Tex. Crim. App. 2006).

We recently remanded *Hankston* to the court of appeals for reconsideration of the Fourth Amendment claim in light of *Carpenter*. *Hankston v. State*, ___ S.W.3d ___, No. PD-0887-15, 2019 WL 4309685 (Tex. Crim. App. del. Sept. 11, 2019). A similar remand would seem to be appropriate in this case as well, to allow the court of appeals to determine, in the first instance, in what manner *Carpenter* may or may not impact the proper construction of Article I, Section 9.[2]

Because the Court does not remand the cause, I respectfully dissent.

FILED:            October 23, 2019
PUBLISH

---

[2] The issue on remand would not be the scope of this Court's authority. It is a question of the proper construction of a provision of the state constitution. In its capacity as a first-tier appellate court of right in non-capital criminal cases, TEX. CONST. art. V, §§ 5(b) & 6(a), a court of appeals is routinely called upon as a matter of course to construe the Texas Constitution, even to apply it in novel factual contexts. While this Court has final authority in that regard, TEX. CONST. art. V, § 5(a), that does not mean we cannot benefit from the lower court's perspective. That is undoubtedly at least part of the reason our constitutional authority in ordinary criminal cases is to review "decision[s]" of the courts of appeals, not to arbitrate non-capital appellate matters in the first instance. *Id*. § 5(b); TEX. R. APP. P. 66.1. As I have observed in the past, "judicial economy does not always or necessarily mean disposing of an issue as expeditiously as possible—it also means assuring that the right court is doing what it is supposed to do at the proper time and in the proper context." *Smith v. State*, 463 S.W.3d 890, 899 n.3 (Tex. Crim. App. 2015) (Yeary, J., concurring and dissenting). Finality does not equate with infallibility, and we may gain insight from the perspective of the court of appeals even if we do not ultimately agree with it.