

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0026-21

### CHRISTOPHER JAMES HOLDER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### COLLIN COUNTY

YEARY, J., delivered the opinion for a unanimous Court.

**O P I N I O N**

In the course of Appellant's capital murder trial, the State admitted evidence of his cell-phone site location information (CSLI) to establish his whereabouts during the weekend in which the offense was committed. This Court ultimately concluded that this evidence was obtained in violation of Article I, Section 9, of the Texas Constitution. *Holder v. State*, 595 S.W.3d 691, 704 (Tex. Crim. App. 2020); TEX. CONST., art. I, § 9. The Court also concluded that the evidence should have been suppressed, and it remanded the cause

for the court of appeals to determine in the first instance whether Appellant was harmed "when the trial court failed to suppress the records under Article 38.23(a)." *Id*.

Following this Court's lead in *Love v. State*, 543 S.W.3d 835, 846 (Tex. Crim. App. 2016), the court of appeals on remand conducted a constitutional harm analysis under Rule 44.2(a) of the Texas Rules of Appellate Procedure. *Holder v. State*, No. 05-15-00818-CR, 2020 WL 7350627, *2–3 (Tex. App.—Dallas, Dec. 15, 2020) (mem. op., not designated for publication); TEX. R. APP. P. 44.2(a).[1] Under that standard of harm, the court of appeals was unable to conclude beyond a reasonable doubt that the CSLI evidence did not contribute to the jury's verdict. *Id*. at *7. It reversed Appellant's conviction and remanded the case for further proceedings. *Id*. at *8.

As the court of appeals acknowledged, since *Love* was decided, it has come into question whether the Court properly applied Rule 44.2(a)'s standard for harm with respect to constitutional error in that case. *See id*. at *2 (noting that Judge Hervey wrote a concurring opinion in *Dixon v. State*, 595 S.W.3d 216, 218–20 (Tex. Crim. App. 2020) (Hervey, J., concurring), in which she argued that when evidence is found to be

---

[1] Rule 44.2, Subsections (a) and (b), provide, in their entirety:

   (a) *Constitutional Error*. If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

   (b) *Other Errors*. Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

TEX. R. APP. PRO. 44.2(a) & (b).

inadmissible at trial only on the basis of our statutory exclusionary rule, it should be treated as non-constitutional error). Picking up on this astute observation, the State has now petitioned this Court to determine whether the appropriate standard for determining harm is that articulated in Rule 44.2(b). *See* TEX. R. APP. P. 44.2(b) ("Any [non-constitutional] error . . . that does not affect substantial rights must be disregarded."). We granted the State's petition for discretionary review.

## I.    *LOVE*

In *Love*, the appellant challenged the admissibility of text messages from his cell phone, and we held that the content of those messages could not be obtained, consistent with the Fourth Amendment, absent a warrant based on probable cause. 543 S.W.3d at 844. We ultimately did *not* hold, however, that the evidence was inadmissible under the federal exclusionary rule. Instead, we held it to be inadmissible under Article 38.23(b) of the Texas Code of Criminal Procedure, which, in the absence of a warrant showing probable cause, contains no "good faith" exception comparable to that which attends the federal exclusionary rule. *Id*. at 845–46; TEX. CODE CRIM. PROC. art. 38.23(b). We then proceeded to analyze the harm of having admitted those cell phone records under the standard of Rule 44.2(a), on the assumption that we were evaluating the harm as an error of constitutional dimension. *Love*, 543 S.W.3d at 846 (citing TEX. R. APP. P. 44.2(a), which provides that constitutional error that is subject to a harm analysis leads to reversal "unless" the appellate court "determines beyond a reasonable doubt that the error did not contribute to the conviction").

The Court was unable to conclude beyond a reasonable doubt, in *Love*, that the text messages did not contribute to the jury's verdict at the guilt phase, and we therefore reversed the conviction. *Id*. at 858. Three judges dissented to the Court's opinion in *Love*, but none complained that a constitutional harmless error analysis was inappropriate given our reliance on Article 38.23(b)'s statutory exclusionary rule rather than the federal exclusionary rule. Neither did the State complain of this arguable anomaly in its motion for rehearing in the case.

Both Judge Hervey and Presiding Judge Keller have elsewhere suggested that, when the only basis for the exclusion of evidence is our statutory exclusionary rule, then the correct standard for determining harm is the one set out in Rule 44.2(b). *See Dixon*, 595 S.W.3d at 226 (Hervey, J., concurring) (arguing that, because Article 38.23 is not a constitutionally based exclusionary rule, failure to exclude evidence under its provisions constitutes mere statutory error, not constitutional error, for purposes of invoking Rule 44.2); *Hernandez v. State*, 60 S.W.3d 106, 116 (Tex. Crim. App. 2001) (Keller, P.J., dissenting) (arguing that "Article 38.23 is a statutory mechanism, not a constitutional one, and any error predicated thereon must be analyzed under the standard of harm for non-constitutional errors"). We now conclude that we were mistaken in *Love* to apply Rule 44.2(a), and we disavow that opinion only to the extent that it deemed Subsection (a), rather than Subsection (b), to be the appropriate harm analysis when only a violation of Article 38.23 is involved.

Unlike Love, Appellant in this case did not even invoke the Fourth Amendment on appeal. He cannot rely on the federal exclusionary rule to argue that the CSLI records

should be suppressed. And there has never been a basis in the Texas Constitution for excluding evidence in a criminal prosecution because of an illegal search under Article I, Section 9.

Indeed, this Court has previously observed that it was a reaction to this Court's opinion in *Welcheck v. State*, 93 Tex. Crim. 271, 247 S.W. 524 (1922)—which first held that there is no such remedy under our state constitution—that provoked the Legislature to enact what is now Article 38.23. *See Miles v. State*, 241 S.W.3d 28, 33–34 (Tex. Crim. App. 2007). *Exclusion* of evidence obtained only in violation of Article I, Section 9, is exclusively a function of statute: Article 38.23 of our Code of Criminal Procedure. It follows that any error in failing to *suppress* evidence at trial that was illegally obtained under Article I, Section 9, is not error of a constitutional dimension, but simply a statutory violation. The proper harm analysis is therefore the one contained in Texas Rule of Appellate Procedure Rule 44.2(b), not 44.2(a).

## II.    HARMLESS ERROR ANALYSIS?

We also granted the State's second ground for review, which argued that the admission of Appellant's CSLI records in this case was, in fact, harmless under the proper standard, Rule 44.2(b). This Court does not ordinarily determine questions of harm in the first instance. We "[n]ormally" do so only when the error is so "plainly harmless" that principles of judicial economy support resolving it ourselves. *Johnson v. State*, 145 S.W.3d 215, 224 (Tex. Crim. App. 2004). Having up to this point only concluded that the error was not harmless under the less forgiving constitutional harmless error standard of Rule 44.2(a),

the court of appeals has not yet passed on the question of harm utilizing the correct standard, which we have here determined to be that found in Rule 44.2(b).

It is true that the parties have briefed the issue in this Court. Our review of the record and the briefs, however, only convinces us that the proper resolution of the harm question is far from "plain." Consequently, we conclude that it would be more appropriate for the court of appeals to resolve the issue in the first instance. As in *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014), we believe here that "our resolution of the issue (if any should even be necessary after a remand) would benefit from a carefully wrought decision from the court of appeals."

## III.   CONCLUSION

Accordingly, we vacate the judgment of the court of appeals and remand the cause to that court to conduct a harm analysis under Texas Rule of Appellate Procedure 44.2(b).

DELIVERED:                        February 2, 2022
PUBLISH