

# In the Court of Criminal Appeals of Texas

---

No. PD-0881-20

---

CRYSTAL MASON,

*Appellant*,

v.

THE STATE OF TEXAS

---

On Appellant's Petition for Discretionary Review
From the Second Court of Appeals
Tarrant County

---

YEARY, J., filed a concurring and dissenting opinion.

I concur in the Court's disposition to remand this case to the court

of appeals for further consideration, although I take issue with some of the Court's reasoning along the way. Moreover, my remand would embrace more for the court of appeals potentially to reconsider than the Court has prescribed in its opinion today. I write separately to explain where I agree and disagree with the Court and how and why I would expand the scope of the Court's remand.

## I.   PROOF OF KNOWLEDGE

### A. The Statute is Plain

First, I readily agree with the Court's conclusion that the court of appeals in this case misconstrued the plain language of the illegal voting statute, which on its face requires proof that the actor knew she was ineligible to vote, and not just that she was aware of the circumstances that *rendered* her ineligible to vote. Majority Opinion at 13; *see* TEX. ELEC. CODE § 64.012(a)(1) (making it an offense if a person "votes or attempts to vote in an election in which [the person] knows [she] is ineligible to vote"). That said, I also agree with the dissent that, because the language of the statute plainly requires proof of the actor's knowledge that she was ineligible to vote, there is no need to "construe" an ambiguous statute in the way the Court found necessary in *Delay v. State*, 465 S.W.3d 232 (Tex. Crim. App. 2014). Dissenting Opinion at 4. All the Court needs to do here, it seems to me, is to simply disavow the case that the court of appeals relied upon as authority to ignore the statute's plain import: *Thompson v. State*, 9 W.W. 486, 486–87 (Tex. Ct. App. 1888). *See Mason v. State*, 598 S.W.3d 755, 768–70 (Tex. App.—Fort Worth 2020) (citing *Thompson* for the proposition that "the State does not have to prove that the defendant subjectively knew that voting

[under conditions making her ineligible to vote] made the defendant ineligible to vote under the law").[1]

## B. Remand is Appropriate

I also agree with the Court that, having determined that the court of appeals conducted its legal sufficiency analysis under a faulty construction of the applicable Election Code provision, the prudent course is to remand the case to that court for further proceedings rather than for us to conduct the legal sufficiency analysis for the first time under the appropriate construction of the statute. Majority Opinion at 17. That way, we are able to obtain the lower court's perspective on the sufficiency of the evidence under the proper construction of the statute. *Cf. McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014) (a remand for the court of appeals to consider as-yet unresolved questions following this Court's disposition of an initial petition for discretionary

---

[1] The court of appeals may certainly be forgiven for relying on *Thompson* for what it perceived to be "binding" authority. *Mason*, 598 S.W.3d at 768–69 & n.11. In *Thompson*, our predecessor, the Texas Court of Appeals, was construing a provision of the 1879 Penal Code that just as plainly required knowledge on the part of a would-be voter that he was "not qualified" before he could be convicted of voting illegally. Article 165 of the 1879 Penal Code made it an offense for any person to "vote, or offer to vote," at any election while "knowing himself not to be a qualified voter[.]" Despite this plain language, the Court of Appeals held that evidence that the defendant knew he had been convicted of a felony constituted sufficient proof that he also knew he was "not qualified" to vote, and that it must be presumed he knew that "the law made one of the consequences of the conviction his disqualification to vote." *Thompson*, 9 S.W. at 486. This presumption made proof of actual knowledge of his disqualification under the statute unnecessary, and a jury instruction equating knowledge of his conviction with knowledge of his disqualification as a voter was therefore "correct and unobjectionable." *Id*. We need not overrule *Thompson* since it was construing a different statute. But we should certainly disavow its failure to abide by plain statutory language.

review means that "our resolution of the issue (if any should even be necessary after a remand) would benefit from a carefully wrought decision from the court of appeals").[2]

### C. What Knowledge must be Established?

With respect to the Court's holding that knowledge of ineligibility is required, there are three other matters I wish briefly to address in this admittedly omnibus concurring opinion. The first two matters echo criticisms that the dissenting opinion has made of the Court's opinion today that I think bear emphasis. The third relates to the Court's failure to first consider an obvious constitutional question about the Texas Legislature's most recent amendment to the statute at issue before considering that amendment to be applicable in this case.

### 1. Substantive Statutory Requirements

First, as the dissent points out, the Court's opinion appears to suggest that, to be found guilty of committing an offense a person must

---

[2] What is more, a remand would allow the court of appeals to re-evaluate its disposition of some of Appellant's ineffective assistance of counsel claims—claims which it also originally disposed of, at least partly, based on its misconstruction of the statute. *See Mason*, 598 S.W.3d at 785 (rejecting Appellant's claim that trial counsel should have called additional witnesses to establish that she lacked knowledge that she was ineligible to vote on the basis that proof of such knowledge was not necessary for conviction); *id.* at 786–87 (rejecting Appellant's claim that trial counsel should have explored potential bias of the precinct election judge on the basis that it would not have made a difference to her defense, since the State need not prove she knew she was ineligible to vote); *id.* at 788 (rejecting Appellant's claim that trial counsel had an actual conflict of interest because the only defense it could have raised incorrectly assumed that the State must prove Appellant was aware of her ineligibility to vote). This Court's construction of the statute today could cause the court of appeals to want to revisit its initial resolution of these ineffective assistance claims.

first be shown to have known that her conduct specifically violated "the Election Code." *See* Majority Opinion at 16 ("Now that we have recognized that section 64.012 requires individuals to know they are ineligible to vote to be convicted of illegal voting, what does it substantively mean to knowingly violate the *Election Code*?") (emphasis added); Dissenting Opinion at 6 (arguing that "Section 64.012 requires only that the Appellant knew she was ineligible to vote. It does not require her to know that voting while ineligible violates the Election Code."). I agree with the dissent that nothing about the statute specifically demands proof that an accused was even aware of the existence of an Election Code, much less that such a code provides for requirements that must be met before a vote may be cast. The statute only requires proof that the person *knew* that he or she was *ineligible* to vote, whatever may have been the source of that knowledge.[3] To the extent that the Court's opinion seems to increase the State's burden by requiring proof of knowledge of the existence and contents of the "Election Code," it overstates the requirements of the law.

---

[3] Imagine a circumstance in which an election judge tells a prospective voter: "Because you are a convicted felon, and because you have not been pardoned or finally released from supervision, you are ineligible to vote." The accused person then says, "Well, I haven't seen such a law myself, but I accept what you have told me, and I am going to vote anyway." And the accused person then casts a ballot in an election. Would this evidence satisfy the State's burden under the statute? Or would the State also be required to prove: (1) that the accused knew that Section 11.002 of the Texas Election Code establishes qualifications for voters; and (2) that the accused knew that she specifically failed to meet those specific statutory qualifications? To the extent the Court seems to require the latter, it requires proof that the statute does not contemplate.

## 2. Burden of Proof

Moreover, as the dissent further observes, the court also seems to require a heightened burden of proof with regard to knowledge of ineligibility. *See* Majority Opinion at 17 ("[T]he State was required to prove not only that Appellant knew she was on supervised release but also that she "actually realized" that "these circumstances . . . in fact" rendered her ineligible to vote."); Dissenting Opinion at 5 (arguing that "[b]y referring to a person's 'actual' realization that she is ineligible to vote, the Court's opinion implies that a heightened standard of knowledge applies here[.]"). The statute plainly requires proof that Appellant *knew* she was ineligible to vote. That does not mean the State must satisfy anything other than proof beyond a reasonable doubt of that fact, by either direct or circumstantial evidence. I agree with the dissent that, to the extent that this phrase—"actually realized"—may import some meaning beyond mere awareness that the person is ineligible to vote, it overstates the required culpable mental state. *See* TEX. PENAL CODE § 6.03(b) ("A person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist.").

## 3. Retroactive Law?

Finally, I must express some misgivings about the Court's application of this recent statutory corroboration requirement to the present case. I am aware, of course, that the Legislature purported to make this new requirement applicable to any non-final conviction—and, indeed, applicable to this very case, according to the Court's discussion

of legislative history.[4] Majority Opinion at 14–16. I find it disturbing that nobody has yet bothered at least to *inquire* whether such a retroactive application of a corroboration requirement can be squared with the Texas Constitution's prohibition against retroactive laws. *See* TEX. CONST art. I, § 16 ("No . . . retroactive law . . . shall be made.").

## II. BUT IS A PROVISIONAL BALLOT REALLY A "VOTE"?

If, pursuant to the Court's remand, the court of appeals were to determine that the evidence is insufficient to establish that Appellant was aware that she was ineligible to vote, that would end the prosecution (subject to further discretionary review in this Court). Should it determine, instead, that the evidence is sufficient, it seems to me that there would be more for the court of appeals to decide before it could uphold a conviction. I say this because I disagree with the Court's conclusion today that "voting" under Section 64.012(a)(1) of the Election Code should be construed to include casting a "provisional ballot."

I am unimpressed with the Court's argument for why casting a *provisional* ballot constitutes the act of voting for purposes of the illegal voting statute. Majority Opinion at 21–25. Noting that this is a question

---

[4] As the Court explains, Majority Opinion at 8–9, the most recent Legislature has added Subsection (c) to Election Code Section 64.012, which now provides that "[a] person may not be convicted solely upon the fact that the person signed a provisional ballot affidavit under Section 63.011 [of the Texas Election Code] unless corroborated by other evidence that the person knowingly committed the offense." Acts 2021, 87th Leg., 2nd C.S., ch. 1 (S.B. 1), § 9.03, eff. Dec. 2, 2021. This amendment was expressly made applicable to any non-final offense committed before, on, or after its passage. *See id.* § 9.04 ("The change in law made by this article in adding Section 64.012(c), Election Code, applies to an offense committed before, on, or after the effective date of this Act, except that a final conviction for an offense under that section that exists on the effective date of this Act remains unaffected by this article.").

of first impression, Majority Opinion at 21, the Court's logic consists mainly of simply faulting Appellant for failing to produce any authority for the proposition that casting a provisional ballot does *not* constitute the act of voting. *See e.g.*, *id.* at 22–24 (Appellant "fails to cite" any authority to establish that a "provisional ballot" is any different than a regular ballot). Neither the Penal Code's definition in Title 8 of the verb "to vote," nor any of the various dictionary definitions the Court borrows from the court of appeals' opinion, really sheds light on the question. *See id.* at 22–23 (recognizing, but failing to adopt, the definition of "vote" in TEX. PENAL CODE § 36.01(4), and then alluding to the various dictionary definitions of the verb "to vote" as noted by the court of appeals, quoting *Mason*, 598 S.W.3d at 774).

The Court conspicuously avoids what seems to me to be the most pertinent fact that informs the inquiry; namely, that a provisional ballot is . . . well, *provisional*. That is to say, it is conditional, contingent, inconclusive, not yet (and perhaps never to be) permanent. *See* BLACK'S LAW DICTIONARY 1480 (11th ed. 2019) ("**1.** Provided for the time being to supply a place to be occupied in the end by some more permanent arrangement; temporary or conditional"); WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1171 (5th ed. 2014) ("arranged or established for the time being, pending permanent arrangement or establishment"); NEW OXFORD AMERICAN DICTIONARY 1406 (3rd ed. 2010) ("**1** arranged or existing for the present, possibly to be changed later; put into circulation temporarily, usually owing to the unavailability of the definitive issue"); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1827 (2002) ("**1 :** provided for a temporary need : suitable or acceptable in the existing

situation but subject to change or nullification"). While casting a ballot in an election seems plainly to satisfy the statute, whether casting a *provisional* ballot also does seems utterly up for grabs. In that case, the Court has said that, since this is not a Penal Code offense, the rule of lenity should control. *See Delay*, 465 S.W.3d at 251 (observing that, for non-penal code penal provisions, "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity").

On the other hand, perhaps a provisional ballot could be said to support a prosecution under the statute for *attempted* illegal voting, in that the actor might pursue it in the hope that what starts out as a "provisional" vote will ultimately be recognized and counted later on. At the time of Appellant's offense, an *attempt* to vote illegally (with the same requisite specific knowledge of ineligibility) was a lesser-included offense of illegal voting—a Class A misdemeanor rather than a third-degree felony.[5] As part of my remand in this case, I would have the court of appeals consider, if necessary, whether it would be appropriate to reform Appellant's judgment to reflect conviction for this lesser-included *attempt* offense. *See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014) (holding that an appellate court may reform a judgment to reflect conviction for a lesser-included offense if the factfinder's conviction for the greater offense necessarily embraced all elements of the lesser-included offense and the evidence, while not supporting the greater offense, did support all elements of the lesser-included offense).

---

[5] Under the 2021 amendment, both voting and attempting to vote with knowledge of ineligibility were made Class A misdemeanors. Acts 2021, 87th Leg., 2nd C.S., ch. 1 (S.B. 1), § 9.03, eff. Dec. 2, 2021.

### III. Conclusion

With these observations, I concur in the Court's decision to remand the case to the court of appeals for further consideration of Appellant's first ground for review. I dissent to the Court's holding that to cast a "provisional ballot" constitutes "voting" under the statute, and to the Court's failure to broaden the scope of the remand to the court of appeals for consideration, if necessary, of whether Appellant might be guilty of, if not the greater offense of *voting* while ineligible, then of the lesser-included offense of *attempting* to vote while ineligible.

**FILED:**                    May 11, 2022
**PUBLISH**