

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0409-22

---

### JOSHUA RAY ARMSTRONG, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### GRAYSON COUNTY

---

NEWELL, J., filed a concurring opinion in which RICHARDSON and WALKER, JJ., joined.

I agree that courts need not consider the existence of exigent circumstances to determine whether a place is "suspicious" when the State relies upon article 14.03(a)(1) of the Code of Criminal Procedure to justify a

warrantless arrest.[1]  The Court is correct that neither the word "exigency" nor the phrase "exigent circumstances" appear in the text of the statute.  We have not been asked to define what "suspicious" means under this statute and neither has the court below.  We have only been asked to decide whether the word "suspicious" requires a consideration of exigency.    And  having determined that the previous understanding of what constituted a "suspicious place" under the statute was incorrect, the Court rightly sends the case back to afford the court of appeals an opportunity to determine, in the first instance, what makes a place "suspicious" and whether Appellant was arrested without a warrant in a "suspicious place."[2]  Because I agree with the Court's analysis and its resolution of the issue before us, I join the Court's opinion in full.

I write separately to question whether the State may come to regret asking us to go down this path.  Article 14.03(a)(1) states:

> (a)    Any peace officer may arrest, without warrant:
>
> (1)    persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace,  or   offense under Section 49.02, Penal Code, or threaten, or are about to commit some offense against the laws[.][3]

---

[1] Tex. Code Crim. Proc. Art. ann. 14.03(a)(1).

[2] *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014) (noting that proper practice when an issue is not clear cut is to remand the case to the court of appeals for a carefully wrought decision).

[3] *Id.*

As the Court rightly points out, the phrase "in suspicious places" does not contain an exigency requirement and our loose language in past opinions wrongly signaled to courts that it should. But it is important to note that the word "suspicious" in the statute modifies the place, not the person. The statute is satisfied when a particular place is suspicious not when a person's presence in that place is suspicious. The facts that courts typically rely upon to suggest exigency actually inform the inquiry into another statutory requirement. Whether a person appears suspicious or looks like he or she might be about to commit a crime informs the inquiry into whether a person has been found "under circumstances which reasonably show that such persons have been guilty" of an applicable violation or "are about to commit some offense." Those facts don't say anything about whether a particular place is suspicious. Given the text of the statute, it is not at all clear to me that our previous cases suggesting that, for example, a hospital room or even a residence (as in this case) can satisfy the statutory "suspicious place" requirement without resort to facts that actually support the second requirement under the statute, namely the defendant's guilt or whether he is about to commit an offense such as absconding.[4] If we are going to be textualists and read the exigency requirement out of the word "suspicious,"

---

[4] *See Dyar v. State*, 125 S.W.3d 460, 468 (Tex. Crim. App. 2003) (noting that the officer on scene at the accident was informed the driver, suspected of causing the accident, had been taken to the hospital and soon after observed the defendant had slurred speech, red glassy eyes, a strong smell of alcohol, unintelligible responses, and admitted to driving and these facts "in relation to the hospital" made the hospital a "suspicious place").

we cannot in turn rewrite the statute by reading into the word "suspicious" a requirement that justifies consideration of facts indicative of the defendant's guilt.[5]  I acknowledge that this statute is not a model of clarity, but we do not get to substitute our policy preferences for that of the legislature.[6]  They have to fix it so it works, not us.

I join the Court's opinion because it answers the simple question posed in the State's Petition for Discretionary Review, namely whether "exigency" is part of the "suspicious place" inquiry under the statute.  The Court rightly says it isn't.  But the State may be in for a rude awakening on how few truly "suspicious" *places* there are.  And if we are going to read requirements into the definition of "suspicious" to allow for consideration of facts suggesting the person's guilt, we are effectively re-writing the statute to make it work the way we think it should rather than deferring to the text of the statute.  With these thoughts, I join the Court's opinion.

Filed: May 28, 2025

Publish

---

[5] *Long v. State*, 535 S.W.3d 511, 521 (Tex. Crim. App. 2017) ("If the plain language is clear and unambiguous, our analysis ends because 'the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.'").

[6] *Ex parte Kibler*, 664 S.W.3d 220, 233 (Tex. Crim. App. 2022); *see also Lang v. State*, 561 S.W.3d 174, 192 (Tex. Crim. App. 2018) (Yeary, J., dissenting) ("For my part, I am more concerned with avoiding judicial legislation than I am with making sure that every statute is implemented in exactly the way *I think* some legislators hoped that it would be implemented.").