

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0510-25

**THE STATE OF TEXAS**

**v.**

**GRADY JACK BARBER, Appellee**

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS LIBERTY COUNTY

**FINLEY, J., filed a concurring opinion.**

## CONCURRING OPINION

I join the Court's opinion. I write separately to debunk the dissenting opinion's assertion that the Court "does not attempt to answer the suppression question upon which interlocutory appellate jurisdiction is based"—whatever that means. *Post* at 4 (SCHENCK, P.J., dissenting).

This is, yet again, a party presentation issue. Just a few months ago, the Supreme Court of the United States reaffirmed the principle of party presentation:

> "In our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). The parties "'frame the issues for decision,'" while the court serves as "'neutral arbiter of matters the parties present.'" *Ibid.* (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). To put it plainly, courts "call balls and strikes"; they don't get a turn at bat. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020).

*Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (cleaned up).

The question before the court of appeals was whether the trial court abused its discretion when it granted Appellee's motion to suppress blood evidence that was seized pursuant to an unlawfully executed search warrant. The court of appeals concluded that "under [Code of Criminal Procedure] article 14.03(d), [Officer] Ibarra, who was outside his jurisdiction, had the authority to arrest [Appellee] without a warrant in Harris County for committing an offense in violation of Chapter 49 within [Officer] Ibarra's presence or view." *State v. Barber*, No. 09-24-00313-CR, 2025 WL 1749999, at *5 (Tex. App.—Beaumont June 25, 2025). Accordingly, Officer Ibarra "also had authority to execute the blood warrant and collect Barber's blood specimen because he was suspected of committing an intoxication offense under section 49.08 of the Penal Code." *Id.* This Court granted *only* Appellee's second ground for review, which presents the following question: "Is an officer

authorized to make an arrest for an alleged offense as 'within his presence or view' when he has probable cause to arrest due to his post-incident investigation, even though the alleged offense occurred neither in his actual presence nor in his actual view?"

At the time of the offense, Code of Criminal Procedure Article 18.067 provided that a warrant issued under Code of Criminal Procedure Article 18.02(a)(10) to collect a blood specimen from a person suspected of committing an intoxication offense may be executed (1) in any county adjacent to the county in which the warrant was issued; and (2) by a law enforcement officer authorized to make an arrest in an adjacent county. TEX. CODE CRIM. PROC. art. 18.067 (West 2022). For the warrant to be valid, the State had to show *both* that the warrant was executed in a county adjacent to where it was issued *and* that the warrant was executed by a law enforcement officer authorized to make an arrest in an adjacent county.[1]

---

[1] The dissenting opinion misreads Article 18.067. *Post* at 17 (SCHENCK, P.J., dissenting). In the dissenting opinion's view, the "and" is not actually an "and" but rather an "or." *Id.* at 19 ("While the majority's reading of 'and' as a linkage of two preconditions on the authority to deliver the warrant is also grammatically plausible, it should be rejected because it renders the first condition inoperative or practically impossible."). This interpretation is problematic for a myriad of reasons, but one is readily apparent: Nobody (not even the State, who would dramatically benefit from the dissenting opinion's flawed interpretation of Article 18.067) adopts this position.

The dissenting opinion's flawed interpretation of Article 18.067 is confirmed by the Bill Analysis to S.B. 1886, which amended Article 18.067 in 2025. The Bill Analysis provides: "Under current

In this case, Appellee argues that the *second* condition was not met: Officer Ibarra was not authorized to make an arrest in Harris County (where the warrant was executed), the county adjacent to Liberty County (where the warrant was issued). To determine whether Officer Ibarra was authorized to make an arrest in the adjacent county in which the warrant was executed, this Court should examine Code of Criminal Procedure Article 14.03. Article 14.03(d) provides:

> A peace officer who is outside his jurisdiction may arrest, without warrant, a person *who commits an offense within the officer's presence or view*, if the offense is a felony, a violation of Chapter 42 or 49, Penal Code, or a breach of the peace.

Tex. Code Crim. Proc. art. 14.03(d) (emphasis added). And that is all that we have to decide. Did the offense in this case occur within Officer Ibarra's "presence or view"? If so, this Court would affirm the judgment of the court of appeals. If not, this Court would reverse.

---

law, a search warrant for a blood specimen may be executed in any county adjacent to the county in which the warrant was issued by a law enforcement officer who is authorized to make an arrest in the county of execution." Senate Comm. on Crim. Juris., Bill Analysis, Tex. S.B. 1886, 89th Leg., R.S. (2025). The Bill Analysis confirms that "S.B. 1886 seeks to remedy [issues with existing law] by authorizing a search warrant for purposes of collecting a blood specimen to be executed by any peace officer in any county adjacent to the county in which the warrant was issued." *Id.* And that makes sense: The Legislature knew that the "and" in Article 18.067 meant "and"—and not "or"—when it amended Article 18.067 by removing one of the two requirements for valid execution for blood warrants. *See id.*

The Court does not need to address Appellee's Article 38.23 standing. *Post* at 13 (SCHENCK, P.J., dissenting). The Court also does not need to address the proper construction of Article 18.067. *Id* at 17. Nor does the Court need to address the application of the good faith doctrine.[2] *Id.* at 12 & n.7. Why? Because the parties have not asked us to.[3] And the Supreme Court of the United States has cautioned lower courts—like this one—from violating the principles of party presentation.

In sum, the limited question before the Court is whether the offense in this case—intoxication manslaughter—occurred within Officer Ibarra's "presence or view." The Court correctly answers that question "no" and rightly reverses the judgment of the court of appeals. With these thoughts, I join the Court's opinion.

**Filed: April 16, 2026**
**Publish**

---

[2] The dissenting opinion opines that "neither the parties nor the SPA have the responsibility to decide whether the good-faith exception should apply . . . Those responsibilities are reserved for this Court." *Post* at 12 n.7 (SCHENCK, P.J., dissenting). This Court only resolves outstanding issues "in the name of judicial economy" when the disposition of those issues "is clear." *McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014) (quoting *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014)). Remanding the question of the proper application of the good faith exception to the court of appeals for it to decide the issue in the first instance is appropriate in this case. *See id.* (remanding good faith exception question because "our resolution of the issue . . . would benefit from a carefully wrought decision from the court of appeals.").

[3] Another reason to not address these issues is the simple fact that the court of appeals did not do so below. As we have said countless times, we typically review only "decisions" of the courts of appeals. *See, e.g.*, *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007). The court of appeals did not decide any of the ancillary issues the dissenting opinion opines on. There is no reason for this Court to do so.